*274 The opinion of the court was delivered by
Rogers, J.
The material question in this case is, whether the Circuit Court have jurisdiction in the' case of a libel for a divorce'.
Barbara Light, by her next friend,, exhibited her libel in the Court of Common Pleas of the county of Lebanon. An issue directed by that court, was removed into the Circuit Court; and, on the trial before his honour, Judge Huston, the plaintiff suffered a nonsuit, which he moved to take off, and, on the motion being refused, he entered his appeal to this court. Asa question of practice involving the jurisdiction of the Circuit Court on a subject of so much importance to the parties, and their issue, it is desirable it should not remain in doubt, but be settled without delay. I am pleased, therefore, that we have an opportunity of deciding the point, at this early day, and before any mistake may have been made with respect to the power of the .court. .
By the act regulating divorces, passed the 13th of March, 1815, .and by the 2nd .section of the. act, the petition is directed to be exhibited to the judges of the Court of Common Pleas, in term time, or to one of the judges of the court in vacation, who are directed to issue a subpoena,'and make preparatory rules, &c., for the trial oí the cause.
The seventh section of the act gives the court power, after hearing, to determine the cause, by either dismissing the libel or decreeing a divorce, or separation, or'that the marriage is null and void.
And the 13th section provides, that either of the parties, after the final sentence or decree, may appeal to the Supreme Court of the proper district, upon entering into a recognisance before one of the judges of the Court of Common Pleas, before whom the cause 'shall have been tried, with at least one surety, &c. And that the judges of the Supreme Court shall transmit the record with their judgment thereon, Sic., to the court below, to be carried into effect.
From these and other sections of the act, (which, it is unnecessary particularly to enumerate,) it is evident that the legislature, by the act of 1815; and its supplements, intended that jurisdiction over cases of divorce should be vested exclusively in the Courts of Common Pleas. To them it committed, in. the first instance, this interesting branch of our law, subject to review on appeal, (the mode and manner of’which, are particularly pointed out,) to the Supreme Court. The petition is to be exhibited to the Court of Common Pleas, they are to make the preparatory rules, and, after hearing, to decree; and, on a final decree, an appeal lies to the Supreme Court. Bail on the appeal, is directed to be taken by a judge of that court, and the judges of the Supreme Court are to transmit,the record with their judgment, to the Court of Common Pleas. The legislature seems to have taken great pains, (and there •^■as no matter of legislation more worthy their serio,us attention,) to *275 devise a system complete in itself, and have declared in language which it is impossible to mistake, in what court, and in what manner, divorces may be obtained, and matrimonial differences examined. It would require an express declaration, or a necessary implication in a subsequent statute, to oust the jurisdiction of the Court of Common Pleas, particularly as the mode pointed out in the act of 1815, is the most speedy and the best calculated to attain the great end of the legislature in its passage. Preparatory rules are to be made, and other steps taken, which would meet with great difficulty and delay, in a court which, from causes over which we have no control, meet but pnce a year, in the respective counties'. The system can be executed with great ease and despatch by the Court of Common Pleas, who are bound by law to meet at least four times a year. The great delay, and consequent inconvenience, which'would result from vesting the Circuit Court with this jurisdiction, is a powerful argument that the legislature did not contemplate in the act reviving the Circuit Court, the removal of this class of cases.. To permit a removal, would be a virtual repeal of the act concerning divorces, as the delay would be such as that the cause would be most probably ended by the death of one of the parties. Again, if the Circuit Court have jurisdiction, what would be tbe extent of their power, — -would they .merely try the issue and certify it to the Court of Common Pleas? This, surely, the legislature did not intend. And where is the authority of the Circuit Court, (setting aside the inconveniences which I have shown to exist,) to make the decree? In what manner would an appeal be taken from their decision to the Supreme Court? — In the manner pursued in other cases clearly within the purview of the acts, or, would bail be necessary, and, if so, who would take the bail? Would the Circuit Court be under the necessity of calling in a judge of the Court of Common Pleas, to perfect the appeal? Again, after a final decree by the Supreme Court, to whom would they transmit the record with the judgment? The act of assembly directs, in express terms, that it shall be transmitted to the Court of Common Pleas, which would present the strange anomaly of the Circuit Court trying an issue, making a decree from which there' was an appeal, and the' final judgment of the Supreme Court transmitted to the Court of Common Pleas, to .be carried into effect by them.
I have looked into the act reviving the Circuit Courts,' and can perceive nothing in that act or the act thereby revived, which supports this idea. We must give that act a reasonable construction, and I should have esteemed it a misfortune if we had been compelled to have sustained the jurisdiction of the Circuit Court. It would have involved us in difficulties which time alone .could have unra^ veiled, created delays ruinous to the parties, and destructive of the .public justice of the country,-and have interfered with a system now understood and well calculated in the most speedy and effectual manner, to afford relief to the injured, and most frequently the' *276 most helpless party. The generality of the expressions in the second section of the act of the 8th of Jlpril, 1826, was not intended to enlarge the class of cases removeable into the Circuit Court. It has reference merely to causes pending, and which were within the true intent of the act, to which it was a supplement, and provides for their removal within one year.
The libel filed, required no amendment. It was deficient neither in substance nor form, but, under the authority of the case, Steele v. Steele, 1 Dall. 409, notice was required of the facts intended to be proved under the general allegations of the libel. This notice waff not given as required, and the court rejected the evidence of the’ libellant, in which decision there wa3 no error. The counsel for the libellant then moved the court for leave to amend the libel, which was refused. This may be assimilated to an action of assumpsit, in which the declaration is so general as to give but little information to the defendant, which, however, he may remedy, by requiring a bill of particulars of the plaintiff’s demand, which, if he either neglects or refuses, he can give no evidence to support his claim. It is not in the power of the plaintiff, when he neglects to give the notice required, to retrieve himself, by a motion for leave to amend his declaration, for the declaration requires no amendment. The defect is not in the declaration, but in neglecting to comply with the’ requisition of the defendant, of a particular statement of his cause of action.